✎ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.                                    **ORDER OF DETENTION PENDING TRIAL**

_____Kenneth Kilson_____         Case  OF - 143 M - 2
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in  ___21 USC §§ 841 & 846___ .
  ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X clear and convincing evidence  X a preponderance of the evidence: Defendant presently does not opposed the government's motion for detention but reserves the right to do so in the future which was granted. In addition to defendant's non-opposition, the nature of the offense against defendant is serious since it is conspiracy to posses with intent to distribute more than 500 grams of cocaine. The amount of cocaine intercepted was 3 kilos or 7+ pounds. As a result of a preliminary hearing, this court found probable cause, so the government's evidence supports the charge under a totality of the circumstances analysis. As a result, both the nature of the offense and strength of evidence in support of the charge are against release. Defendant's criminal history is also beginning at age 8-9 years. Between 1996-1999 while a juvenile, defendant was arrest 12 times for various offenses predominately theft, shoplifting, assault. However in 1999, he was found delinquent on the charge of possession with intent to deliver a narcotic controlled schedule II substance. In 2001 he was convicted of possession of MJ and possession of a controlled deadly substance in MD for which he was found in VOP in 2003.

In 2001 he was convicted of possession with intent to deliver a narcotic controlled substance for which he was found VOP in 2002. IN 2003 he was convicted of fleeing and eluding police in MD and possession of a cocain and possession of a controlled deadly substance paraphernalia. He was also convicted of fugitive from justice (Delaware took custody) and presently has pending as a result of his arrest for the federal charges resisting arrest with force or violence and reckless endangering first degree (resulting from defendant's attempt to flee federal agents and also attempted and drove his vehicle into two officers' vehicle while trying to flee). Therefore, there are not conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

FILED

AUG 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

August 25, 2008
_____
Date

_____
*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
_____
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).